UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | EDCV 25-3320-MWF (PVC) | **Date:** | December 22, 2025 |
| **Title:** | Elena Andreea Serban, et al. v. James Janecka, et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER GRANTING PETITIONERS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [4]

Before the Court is Petitioners Elena Andreea Serban and Jose Daniel Fuentes Rivas's Ex Parte Application for a Temporary Restraining Order (the "Application"), filed December 11, 2025. (Docket No. 4). Respondents James Janecka, Ernesto Santacruz Jr., Kristi Noem, Todd Lyons, and Pam Bondi filed a Response on December 19, 2025. (Docket No. 7).

The Application is **GRANTED**. All four *Winter* factors weigh in favor of a TRO in this action.

## I. BACKGROUND

On December 9, 2025, Petitioners filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Petition (Docket No. 1)). Petitioners seek a writ requiring that they be released from custody unless Respondents provide them with a bond hearing pursuant to 28 U.S.C. § 1226(a). (*See generally id.*).

Petitioners are noncitizens who have been living in the United States for years. (*Id.* ¶¶ 20, 35). Federal immigration agents arrested Petitioners, who remain detained at Adelanto Detention Facility. (*Id.* ¶¶ 25, 28, 43, 45). Andreea Serban was arrested on September 30, 2025, and Fuentes Rivas was arrested on November 13, 2025. (*Id.* ¶¶ 25, 43). Neither Petitioner was allowed to apply for or post a bond. (*Id.* ¶¶ 29, 46).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 25-3320-MWF (PVC)          **Date:** December 22, 2025
**Title:**     Elena Andreea Serban, et al. v. James Janecka, et al.

The decision to detain Petitioners without a bond hearing is apparently consistent with current DHS policy. (*See* Application at 7–8). Pursuant to that policy, anyone arrested and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) is considered an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A). (*See* Petition ¶¶ 66–67). All such persons are then subject to mandatory detention under section 1225(b)(2)(A). (*See id.*). The Board of Immigration Appeals recently held that, consistent with this policy, immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Petitioners contend that this policy and the BIA decision are unlawful because 8 U.S.C. § 1226(a), not section 1225(b)(2)(A), governs Petitioners' detention. (Petition ¶¶ 66–74). Section 1226(a) allows for release on bond or conditional parole, but section 1225(b)(2)(A) does not.

Based on the above allegations, Petitioners argue that their ongoing detention violates their Fifth Amendment Right to Due Process; 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and the *Accardi* doctrine. (*Id.* ¶¶ 75–101).

On December 11, 2025, Petitioners filed the instant Application for a Temporary Restraining Order ("TRO") in which Petitioners request that this Court "order Petitioners' release pending adjudication on the merits of the habeas corpus petition to maintain the status quo . . . or *in the alternative*, order Respondents to afford Petitioners a bond hearing before an immigration judge." (Application at 22 (emphasis in the original)).

## II.    LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7

---

**CIVIL MINUTES—GENERAL**            2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 25-3320-MWF (PVC) | Date:  December 22, 2025 |
| Title: | Elena Andreea Serban, et al. v. James Janecka, et al. |

(9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

### III.  DISCUSSION

Respondents concede that Petitioners "appear to members of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)."  (Response at 1).  In *Bautista*, another court in this District certified a class of noncitizens challenging the DHS policy at issue here, subjecting them to mandatory detention without bond hearings.  *See* 2025 WL 3288403, at *2, 9.  The *Bautista* court entered final judgment in favor of the "Bond Eligible Class" on December 18, 2025.  (*Bautista*, Docket No. 95).  In light of *Bautista*, Respondents "acknowledge that Petitioners' claims in this action as to their entitlement to a bond hearing appear to be subject to the *Bautista* judgment and to any applicable appellate proceedings relating to it.  (*Id.*).

Even setting aside Respondents' non-opposition, the Court concludes that Petitioners have demonstrated that they are entitled to the requested TRO.  Several courts in this District — beyond *Bautista* — have addressed the same legal issues presented here and granted nearly identical requests for TROs.  *See, e.g.*, *Zaragoza*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 25-3320-MWF (PVC)          **Date:** December 22, 2025

**Title:** Elena Andreea Serban, et al. v. James Janecka, et al.

*Mosqueda v. Noem,* No. EDCV 25-02304-CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025)*; Xiaoman Ding v. James Janecka et al.*, No. EDCV 25-03184-DOC (JDE), 2025 WL 3453957 (C.D. Cal. Nov. 28, 2025); *Estrada v. Todd Lyons et al.*, No. EDCV 25-11002-KK (KS), 2025 WL 3438562 (C.D. Cal. Nov. 26, 2025); *Helal v. Janecka*, No. EDCV 25-02650-HDV (JC), 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); *Gonzalez v. Noem*, No. EDCV 25-02054-ODW (ADS), 2025 WL 2633187 (C.D. Cal. Aug. 13, 2025); *see also Estrada Elias v. Knight*, No. CV 25-00594-BLW, 2025 WL 3228262, at *1 (D. Idaho Nov. 19, 2025) ("Dozens of district courts across the nation — with more each day — have rejected DHS's expansion of § 1225(b)(2)(A)'s mandatory detention to noncitizens already residing here.") (collecting cases across the country).

The Court agrees with these rulings and adopts the reasoning therein. Specifically, the Court holds:

1) Petitioners are likely to succeed on the merits of their claims that their ongoing detention under 8 U.S.C. § 1225(b)(2) is unlawful because 8 U.S.C. § 1226(a) governs their detention;

2) Petitioners are likely to suffer irreparable injury in the absence of a TRO because their detention constitutes a loss of liberty that is irreparable; and

3) The balance of equities and public interest weigh in favor of a TRO because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).

Accordingly, all four *Winter* factors weigh in favor of a TRO, and Petitioners' Application is **GRANTED**. The Court **ORDERS** that:

- Respondents are **ENJOINED** from continuing to detain Petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 25-3320-MWF (PVC)         **Date:** December 22, 2025
**Title:**     Elena Andreea Serban, et al. v. James Janecka, et al.

- Respondents shall **SHOW CAUSE**, in writing, by **January 6, 2026,** as to why the Court should not issue a preliminary injunction in this case. Petitioners may file a response by **January 8, 2026**. The Court **SETS** a hearing on whether a preliminary injunction should issue on **January 12, 2026**, at **11:30 a.m.**

A separate TRO shall issue.

IT IS SO ORDERED.